a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCHELLO HURST, Petitioner | CIVIL ACTION NO. 1:16-CV-1333-P |
| VERSUS | CHIEF JUDGE DRELL |
| T. G. WERLICH. Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Marchello Hurst (#21761-076) ("Hurst"). Hurst is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Hurst challenges the computation of his sentence by the BOP.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

Hurst was arrested on May 12, 2007, in Shelby County, Tennessee, for aggravated robbery and aggravated burglary. (Doc. 5, p. 15). On May 14, 2007, Hurst was charged with aggravated robbery and aggravated assault for an unrelated incident. (Doc. 5, p. 15). At the time of the arrests, Hurst was on probation for an aggravated burglary conviction. (Doc. 5, p. 15).

On July 23, 2007, Hurst was indicted on a federal charge of felon in possession of a firearm. (Doc. 5, p. 15). Hurst pled guilty in the Western District of Tennessee to possession of a firearm by a convicted felon. He was sentenced to a 120-month term of imprisonment. (Case 2:07-cr-20232, W.D. Tenn., Doc. 33). The sentencing court was silent as to the whether the sentence should run consecutive to or concurrent with any future state sentence. (Doc. 5, p. 15; 2:07-cr-20232 W.D. Tenn., Doc. 33, p. 2).

Hurst's state probation was revoked, and he was sentenced to a 3-year term of imprisonment. (Doc. 5, p. 15). Hurst was ultimately convicted of the state charges. (Doc. 1, p. 9). He was sentenced to 27 years of imprisonment for aggravated robbery and aggravated burglary. He was sentenced to eight years of imprisonment for aggravated robbery and aggravated assault, with credit from May 12, 2007, the date of his arrest. (Doc. 5, p. 15).

On January 23, 2015, Hurst's state sentences were satisfied, and Hurst was transferred to BOP custody. (Doc. 5, pp. 14-15).

II. Law and Analysis

Hurst asks that he receive credit toward his federal sentence from the date it was imposed: March 6, 2008.  The authority to grant or deny credit for time served, or a *nunc pro tunc* designation, is specifically reserved to the U.S. Attorney General, who has delegated that responsibility to the BOP. See U.S. v. Wilson, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. See Pierce v. Holder, 614 F.3d 158, 160 (5th Cir. 2010). When a federal judgment is silent with respect to whether

sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. See 18 U.S.C. § 3584(a); U.S. v. Jack, 566 Fed. Appx. 331, 332 (5th Cir. 2014); Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). At the time of Hurst's sentencing, the federal court did not order that Hurst's federal sentence run concurrently with the future state sentences. Because the judgment was silent, the sentences are presumed to run consecutively.

However, after Hurst was transferred to BOP custody, he requested a *nunc pro tunc* designation. (Doc. 1, p. 9). Because the federal sentence was silent as to the concurrent or consecutive nature of the sentence, the BOP contacted the sentencing court to obtain a statement regarding its position on a retroactive concurrent designation. (Doc. 5, p. 15). The court responded that the federal sentence was to run concurrently with the 27-year sentence, but consecutively to the eight-year sentence. Thereafter, the BOP calculated Hurst's sentence in accordance with the intent of the sentencing court. Hurst's federal sentence commenced on March 9, 2013, the date that the eight-year state sentence expired. (Doc. 5, p. 15).

Title 18 U.S.C. § 3585(b) prohibits the application of any time toward a federal sentence that has been credited against another sentence. The time from the date of Hurst's arrest through March 8, 2013, was credited against Hurst's eight-year state sentence, so it cannot be credited against Hurst's federal sentence. (Doc. 5, p. 15).

3

### III. Conclusion

Based on the petition, exhibits, and the judgment in Hurst's criminal case, it is clear that Hurst received all the credit to which he is entitled. Therefore, IT IS RECOMMENDED that Hurst's § 2241 petition be DENIED and DISMISSED, with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___29th___ day of December, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge